## WILLIAMS v STATE OF FLORIDA

### Appeal No. 85-23-AP (Case No. 85-3142-MM)

Eighth Judicial Circuit, Alachua County

June 5, 1986

### APPEARANCES OF COUNSEL

**Margaret M. Stack,** Assistant State Attorney, for defendant.

**Margaret K. Wright,** Assistant Public Defender, for plaintiff.

### OPINION OF THE COURT

OSEE R. FAGAN, Circuit Judge.

Administrative Judge, Appellate Division.

Appellant, Bertha Mae Williams, was convicted by a jury of theft of electricity as recited in its verdict based upon a charge brought under Sec. 812.14(2)(c) F.S. Appellant seeks reversal on three essential grounds, namely: (1) the failure of the trial court to grant a severance, (2) a claim of unconstitutional vagueness of the cited statute, and (3) the claim of prejudicial evidence presented by the State over objection of the Appellant.

The claimed error in denying the severance motion is without merit since it attacks a judicial decision lying within the discretion of the trial judge, and no abuse of that discretion has been demonstrated. *Johnson v. State*, 438 So.2d 774 (Fla. 1983).

Because the evidence under attack was improperly and prejudicially received in evidence, the conviction must be reversed, thereby avoiding the necessity of reaching the issue of the constitutionality of the statute in question, Sec. 912.14(2)(c), F.S.

Appellant was an occupant of a dwelling on April 30, 1985 that was discovered to be receiving electricity through a tampered meter. When confronted by the electric supplier's investigator on that date Appellant responded either (a) that she knew that the tampering had been done as testified to by one State witness, or (b) she was completely unaware of any such tampering as testified to by another State witness. Both State witnesses were describing the exact same conversation andpre-jucnse of Appellant. Sometime later Appellant applied for electricity at her dwelling and, consistent with the practice and ordinances of the city requiring that such an applicant first pay any previous debt for utilities claimed to be owed by the applicant to the utility, Appellant paid for the electricity claimed by the utility to have been improperly consumed at or about the April 30, 1985 date in order that she be then properly supplied. The able trial judge described the evidence in question at page 63 of the Transcript of the Trial as follows:

> The records show that you can't open an account until you pay everything the Utilities Company says you owe, so the citizen is basically on a hobsons choice in terms of dealing with a Public Utility. If they want to get that service they have to pay it. The can contest it, but they are not going to get it until they pay it. They are dealing in arms length with somebody. They are dealing with the Public Utility. You can't get it until you pay it. It's just that simple. The Utility Company is certainly not going to turn it on and maybe you could file a law suit against them. Ms. Williams is certainly not in a position to file a law suit.

The disputed evidence is not relevant, and violates Sec. 90.402 F.S. or even if relevant is so highly prejudicial as to violate Sec. 90.403, F.S. Whether falling within the precise purview of Secs. 90.408, 409 and 410, F.S., this disputed evidence is of the exact same character and is for the exact same reasons prejudicial.

The position of the State is untenable. This evidence is not any proof whatsoever that Appellant did anything other than comply with the specific requirements of the utility as a condition of her getting service,

and nothing more. That fact is completely irrelevant to the offense charged. The evidence is inadmissible for additional reasons as well, but its lack of relevance is sufficient to require reversal because of its extremely prejudicial nature. Without such evidence the jury is left with insufficient evidence to support a guilty verdict.

IT IS THEREFORE ORDERED AND ADJUDGED that the Judgment and Sentence entered herein November 20, 1985 is hereby reversed and the Appellant is discharged.

DONE AND ORDERED in Chambers at Gainesville, Alachua County, Florida, this 5th day of June, 1986.